# Exhibit B

Table of Contents

**Annex A**

EXECUTION VERSION

AGREEMENT AND PLAN OF MERGER

Among

MEDICIS PHARMACEUTICAL CORPORATION,

VALEANT PHARMACEUTICALS INTERNATIONAL,

VALEANT PHARMACEUTICALS INTERNATIONAL, INC.

and

MERLIN MERGER SUB, INC.

Dated as of September 2, 2012

Table of Contents

AGREEMENT AND PLAN OF MERGER

AGREEMENT AND PLAN OF MERGER (hereinafter called this "**Agreement**"), dated as of September 2, 2012, among Medicis Pharmaceutical Corporation, a Delaware corporation (the "**Company**"), Valeant Pharmaceuticals International, a Delaware corporation ("**Parent**"), Merlin Merger Sub, Inc., a Delaware corporation and a wholly owned subsidiary of Parent ("**Merger Sub**," the Company and Merger Sub sometimes being hereinafter collectively referred to as the "**Constituent Corporations**"), and Valeant Pharmaceuticals International, Inc., a Canadian corporation ("**Parent Holdco**").

RECITALS

WHEREAS, the respective boards of directors of each of Parent, Merger Sub and the Company have approved the merger of Merger Sub with and into the Company (the "**Merger**") upon the terms and subject to the conditions set forth in this Agreement and have approved and declared advisable this Agreement; and

WHEREAS, the Company, Parent and Merger Sub desire to make certain representations, warranties, covenants and agreements in connection with this Agreement.

NOW, THEREFORE, in consideration of the premises, and of the representations, warranties, covenants and agreements contained herein, the parties hereto agree as follows:

ARTICLE I

The Merger; Closing; Effective Time

1.1. <u>The Merger</u>. Upon the terms and subject to the conditions set forth in this Agreement, at the Effective Time (as defined in Section 1.3), Merger Sub shall be merged with and into the Company and the separate corporate existence of Merger Sub shall thereupon cease. The Company shall be the surviving corporation in the Merger (sometimes hereinafter referred to as the "**Surviving Corporation**"), and the separate corporate existence of the Company, with all its rights, privileges, immunities, powers and franchises, shall continue unaffected by the Merger, except as set forth in Article II. The Merger shall have the effects specified in the Delaware General Corporation Law, as amended (the "**DGCL**").

1.2. <u>Closing</u>. Unless otherwise mutually agreed in writing between the Company and Parent, the closing for the Merger (the "**Closing**") shall take place at the offices of Sullivan & Cromwell LLP, 1888 Century Park East, 21st Floor, Los Angeles, California, at 9:00 A.M. on the fourth (4th) business day (the "**Closing Date**") following the day on which the last to be satisfied or waived of the conditions set forth in Article VII (other than those conditions that by their nature are to be satisfied at the Closing, but subject to the fulfillment or waiver of those conditions) shall be satisfied or waived in accordance with this Agreement; <u>provided</u>, <u>however</u>, that, notwithstanding the satisfaction or waiver of the conditions set forth in Article VII, Parent and Merger Sub shall not be obligated to effect the Closing prior to the second (2nd) business day following the final day of the Marketing Period, unless Parent shall request an earlier date on two (2) business days prior written notice (but, subject in such case, to the satisfaction or waiver of the conditions set forth in Article VII (other than any such conditions which by their terms cannot be satisfied until the Closing Date, which shall be required to be so satisfied or waived on Parent's requested Closing Date)). For purposes of this Agreement, the term "**business day**" shall mean any day ending at 11:59 p.m. (Eastern Time) other than a Saturday or Sunday or a day on which banks are required or authorized to close in the City of New York. "**Marketing Period**" shall mean the first period of twenty (20) consecutive calendar days, commencing not less than two (2) days after the delivery of the Required Information, throughout which (a) Parent shall have the Required Information that the Company is required to provide to Parent pursuant to Section 6.14; <u>provided</u> that if the Company shall in good faith reasonably believe it has provided the Required Information, it may deliver to Parent a written notice to that effect (stating when it believes it completed such delivery), in which case the Company shall be deemed to have

A-1